

| | | |
|---|---|---|
| **ZACHARY W. CARTER**<br>*Corporation Counsel* | THE CITY OF NEW YORK<br>**LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | **PERNELL M. TELFORT**<br>*Assistant Corporation Counsel*<br>phone: (212) 356-3541<br>fax: (212) 356-3509<br>email: ptelfort@law.nyc.gov |

September 21, 2015

BY ECF
Honorable Judge Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re: <u>Julio Canales v. City of New York, et al.</u>, 15 CV 4823 (ARR) (CLP)

Dear Magistrate Judge Pollak:

   I am an Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department and the attorney assigned to the defense of the above-referenced case on behalf of Defendant City of New York. I am writing to respectfully request that the Court grant a sixty (60) day enlargement of time from September 16, 2015 to November 16, 2015, *nunc pro tunc*, within which Defendant City of New York and named officers may answer or otherwise respond to the complaint. I have spoken with plaintiff's counsel and she consents to the extension. This is defendant's first request for an enlargement of time.

   By way of background, plaintiff alleges, *inter alia*, that on January 23, 2015 officers arrested him inside of a subway station for possessing prescription medication despite providing proof that the medication was lawfully prescribed. Plaintiff further alleges that he was transported to a police precinct where he was unlawfully strip searched. Plaintiff was detained for approximately 11 hours before officers issued him a Desk Appearance Ticket. On April 6, 2015, plaintiff accepted an adjournment in contemplation of dismissal.

   There several reasons for seeking an enlargement of time in this matter. In accordance with this office's obligations under Rule 11 of the Federal Rules of Civil Procedure, this office needs time to investigate the allegations set forth in the complaint. Furthermore, it is our understanding that the records of the underlying criminal actions, including police records, may have been sealed pursuant to New York Criminal Procedure Law § 160.50. While this

Office is in receipt of a 160.50 release, we still need to gather the underlying arrest records to properly respond to the allegations in the complaint.

Additionally, according to the civil docket sheet, the individually named defendant, Detective Christopher Greiner has been served with process in this case. This office, however, has not discussed the manner of service with Detective Greiner and we make no representation herein as to the adequacy of service upon him. Assuming that the officers were properly served, this enlargement may also allow this Office time to conduct an inquiry to determine whether it will represent them in this action. *See* General Municipal Law § 50(k); *Mercurio v. City of New York, et al.*, 758 F.2d 862, 864-65 (2d Cir. 1985); *Williams v. City of New York, et al.*, 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law). Finally, as this office has not discussed representation with the named officers this request for an extension of time is not made on their behalf. However, given the time involved in determining the representation of an employee of the New York City Police Department, and in the interest of judicial economy, we hope that the court may, *sua sponte*, extend the time to respond for the officers as well.

For the foregoing reasons, it is respectfully requested that the Court grant the within request extending defendants time to respond to the complaint until November 16, 2015. Thank you for your consideration of this regard.

Respectfully submitted,

Pernell Telfort
Assistant Corporation Counsel
Special Federal Litigation Division

cc:     **BY ECF**
        Baree N. Fett, Esq.