UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

JULIO CANALES,

                       Plaintiff,                    FIRST AMENDED COMPLAINT
                                                           15 CV 4823 (ARR) (CLP)

                -against-

THE CITY OF NEW YORK, Detective
CHRISTOPHER GREINER, Shield No. 1425,
Detective DANIEL AYBAR, Shield No. 968,
Detective SHANTE TERREL, Shield No. 4424,
Detective ANGELICA SALMERON, and
Detective SEAN CYRUS, Shield No. 1493,
employees of the New York City Police            **Jury Trial Demanded**
Department,

                       Defendants.

-------------------------------------------------------------------X

      JULIO CANALES, by his attorney, The Law Office of Matthew Flamm, alleges the following upon information and belief as his First Amended Complaint.

## Nature of the Action

      1.     This civil rights action arises from the January 23, 2015 unlawful stop, detention, search, arrest, and resulting prosecution of Julio Canales by New York City Police Officers.  This action arises under the United States Constitution's Fourth, Fifth, Sixth, and Fourteenth Amendments.  Plaintiff seeks compensatory and punitive damages for violation of his civil rights under 42 U.S.C. §1983.

## Jurisdiction

      2.     This action arises under the United States Constitution and 42 U.S.C. §1983.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 and §1343(3).   Plaintiff asserts jurisdiction over the City of New York under 28 U.S.C. §1367 and asks that this Court exercise pendent jurisdiction over those

state law claims arising out of the same common nucleus of operative facts as do plaintiff's federal claims.

## Venue

3.    Venue is proper in the Eastern District of New York because events or omissions giving rise to the claim occurred in that judicial District.

## Parties

4.    Plaintiff JULIO CANALES is a forty-one year old Hispanic male who at all times relevant lived in the State and City of New York, County of Kings. Mr. Canales is of Puerto Rican heritage and appears to be Hispanic.

5.    Defendant CITY OF NEW YORK is a municipal corporation duly incorporated and existing under the laws of New York State. Pursuant to its Charter, New York City has established and maintains a Department of Police as a constituent department or agency. At all times relevant, the City of New York employed the Defendants more fully identified below.

6.    Defendants Detective CHRISTOPHER GREINER, Shield No. 1425 ("Greiner"), Detective DANIEL AYBAR, Shield No. 968 and Tax ID No. 923528 ("Aybar"), Detective SHANTE TERREL, Shield No. 4424 ("Terrel"), Detective ANGELICA SALMERON, Tax ID No. 939488 ("Salmeron"), and Detective SEAN CYRUS, Shield No. 1493 ("Cyrus"), at all times relevant herein, were employees and agents of the New York City Police Department. On January 23, 2015, they were assigned to the Narcotics Bureau Brooklyn South and were working out of the 67th Precinct in Brooklyn, New York.

7.      At all times relevant herein, Defendants Greiner, Aybar, Terrel, Salmeron, and Cyrus (together "the individual Defendants") were acting within the scope of their employment by the City of New York's Police Department.

8.      At all times relevant, the individual Defendants were acting under color of state law.

9.      The individual Defendants are liable for directly participating in the acts described herein or for failing to intervene to prevent, end, or truthfully report the unlawful conduct to which Mr. Canales was subjected despite having a reasonable opportunity to do so.  They are sued in their individual capacity.

## Facts Underlying Plaintiff's Claims

10.     A little before Noon on January 23, 2015, Julio Canales was lawfully at and inside of a subway station at Smith and 9th Streets in Brooklyn, New York.

11.     At that time and place, individual Defendants unlawfully stopped, detained, searched, and arrested Plaintiff, and thereafter caused Mr. Canales to be prosecuted on the false charge of knowing and unlawful possession of medicine prescribed to Plaintiff.

12.     Mr. Canales was at the subway station and was going to purchase a metrocard so that he could return home.

13.     Without reasonable suspicion or identifying himself as a Police Officer, Defendant Greiner, in the presence of Defendants Aybar and Terrel and others, grabbed Mr. Canales, pulled him to the side, and searched him without his permission.

14. Individual Defendants initiated this law enforcement action because of Mr. Canales' actual or perceived race, national origin, or color rather than Plaintiff's behavior or other information or circumstances linking Mr. Canales to suspected unlawful activity.

15. Defendant Greiner found in Mr. Canales' pocket Xanax (Alprazolam), and Plaintiff had with him proof that the medication was lawfully prescribed.

16. Mr. Canales had done nothing unlawful, and the individual Defendants had not seen Plaintiff do anything unlawful and had no reasonable basis to believe that Mr. Canales unlawfully possessed his prescribed medication.

17. Julio Canales was nonetheless handcuffed, put in a prisoner van and driven around for time while the individual Defendants continued their patrol.

18. Plaintiff was eventually taken to the 76th Precinct Stationhouse.

19. At the Stationhouse, individual Defendants unlawfully strip-searched Mr. Canales. The strip search uncovered no contraband or, indeed, any evidence of any wrongdoing much less of criminal activity.

20. At the Stationhouse, the individual Defendants prepared or allowed to be prepared false police reports accusing Mr. Canales of knowingly and unlawfully possessing his prescription medication. Defendant Greiner, in fact, falsely claimed that the medicine, which was in Plaintiff's pants pocket, was in Plaintiff's hand and "open to public view in plain view."

21. At the Stationhouse, individual Defendants interrogated Mr. Canales and attempted to recruit him as a confidential informant to purchase drugs for them. When Mr. Canales declined, an individual Defendant believed to

be Defendant Greiner told Plaintiff that the officers were going to stop and search him – hassle him – whenever they see him.  Since then, about a year, individual Defendants have stopped and searched Julio Canales several times.

22. Individual Defendants prepared or allowed to be prepared a Desk Appearance Ticket falsely alleging that Mr. Canales unlawfully possessed his lawfully prescribed medication.  Plaintiff was released from the Stationhouse at approximately 5:30 p.m.  Plaintiff was required, under threat of issuance of an arrest warrant and of arrest, to appear and defendant against the charge.

23. Defendant Greiner thereafter caused and other individual Defendants allowed false statements to be made to the Kings County District Attorney's Office.

24. The misrepresentations caused Plaintiff to be prosecuted under Kings County Criminal Court Docket Number 2015CK000898 on the false charge of criminal possession of a controlled substance in the seventh degree (P.L. §220.03, an A Misdemeanor punishable by up to a year in jail).

25. Mr. Canales, under threat of issuance of an arrest warrant and of arrest, appeared in Criminal Court to defend against the charge.

26. On or about April 6, 2015, the prosecution against Mr. Canales was adjourned in contemplation of dismissal and thereafter dismissed and sealed.

27. The individual Defendants, despite having a reasonable opportunity to do so, took no action to prevent, end, or truthfully report the unlawful stop, arrest, search, and prosecution of Mr. Canales.

28. The individual Defendants' acts and omissions violated Mr. Canales' constitutional rights and caused Plaintiff to suffer loss of liberty, mental and emotional upset, and fear, among other injuries.

29. The individual Defendants, in stopping, searching, imprisoning, prosecuting, and offering false evidence to the District Attorney and Criminal Court Judges, acted with casual and abusive disregard for the Plaintiff's rights and well-being, and acted intentionally, willfully, maliciously, with reckless disregard for and deliberate indifference.

FIRST CLAIM FOR RELIEF FOR
VIOLATING PLAINTIFF'S RIGHT TO BE FREE FROM
UNREASONABLE SEARCHES AND SEIZURES UNDER THE FOURTH AND
FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION

30. Plaintiff repeats the foregoing allegations as though fully stated herein.

31. By the actions described above, the individual Defendants deprived Mr. Canales of his rights secured by the Constitution and laws of the United States in violation of 42 U.S.C. §1983, including, but not limited to his right to be free rom being stopped and searched without reasonable suspicion.

32. By the actions described above, the Defendants deprived Mr. Canales of rights secured by the Constitution and laws of the United States, including, but not limited to, his right to be free and secure in his person and his right to be free from arrest, except on probable cause or pursuant to a warrant.

33. Plaintiff was thereby unlawfully stopped, detained. arrested, imprisoned, and searched, and, as a consequence thereof, Julio Canales has been injured.

## SECOND CLAIM FOR RELIEF FOR
## DENIAL OF PLAINTIFF'S FAIR TRIAL RIGHTS

34. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

35. Individual Defendants created false evidence against Plaintiff.

36. Individual Defendants forwarded false evidence to prosecutors in the Kings County District Attorney's office, the Clerk of the Criminal Court, and to Criminal Court Judges.

37. In creating false evidence against Plaintiff, and in forwarding false information to prosecutors and Judges, individual Defendants violated Plaintiff's right to a fair trial under the Due Process Clause of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

38. As a consequence thereof, Julio Canales has been injured.

## THIRD CLAIM FOR RELIEF FOR FAILURE TO INTERVENE
## TO PREVENT THE VIOLATION OF PLAINTIFF'S CIVIL RIGHTS

39. Plaintiff repeats the foregoing allegations as though fully stated herein.

40. The individual Defendants, and each of them, failed to intervene to prevent, end, or truthfully report the unlawful conduct to which Mr. Canales was subjected, despite having a reasonable opportunity to do so.

41. As a consequence thereof Julio Canales has been injured.

## FOURTH CLAIM FOR RELIEF AGAINST
## THE DEFENDANTS FOR BIAS-BASED PROFILING

42. Plaintiff repeats the allegations of the foregoing paragraphs as though fully stated herein.

43. In initiating law enforcement action against Mr. Canales based on his actual and/or perceived race, national origin, and/or color, rather than Mr. Canales' behavior or other information linking him to suspected unlawful activity, the Defendants engaged in bias-based profiling in violation of Section 14-151(c)(I) and (ii) of the Administrative Code of the City of New York.

44. As a consequence thereof, Julio Canales has been injured and is entitled to injunctive and declaratory relief, along with reasonable attorney's fees and costs.

## Request for Relief

WHEREFORE, Plaintiff respectfully requests that judgment be entered that Plaintiff's rights under the Fourth, Fifth, Sixth, and Fourteenth Amendments of the United States Constitution were violated and, pursuant the Administrative Code of the City of New York §14-151, a declaration that Defendants have subjected Plaintiff to discrimination through bias-based profiling, and an order enjoining Defendants from engaging in further bias-based profiling against Plaintiff; and

(A) Compensatory damages in an amount to be fixed at trial;

(B) By reason of the wanton, willful and malicious character of the conduct complained of herein, punitive damages from individual Defendants in an amount to be fixed at trial;

(C) An award to Plaintiff of attorney's fees and costs and disbursements under 42 U.S.C. §1988 and N.Y.C. Administrative Code §141-15(d); and

   (D)  Such other and further relief as this Court may deem just and proper.

Dated: February 12, 2016
   Brooklyn, New York

              The Law Office of Matthew Flamm
               Attorney for Plaintiff
              26 Court Street, Suite 2208
              Brooklyn, New York 11242
              (718) 797-3117
              matthewflamm@msn.com

              _____
              Matthew Flamm